UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH PREZELL THOMAS,<br><br>        Plaintiff,<br><br>   v.<br><br>NGUYEN, et al.<br><br>        Defendants. | 1:14-cv-1586 JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>**(Doc. 4)**<br><br>**30-DAY DEADLINE** |

    Plaintiff, Keith Prezell Thomas, is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on October 9, 2014. On November 13, 2014, Plaintiff filed an application to proceed in forma pauperis rather than pay the filing fee, which is now pending before the Court.

    "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, the Court takes judicial notice of *Thomas v. Stockman*, CV F 99 655 REC DLB P; *Thomas v. Galaza*, CV F 00 5346 AWI DLB P; and *Thomas v. Galaza*, CV

1

1  F 00 5348 OWW LJO P.  All three of these actions were dismissed as frivolous, or for failure to
2  state a claim upon which relief can be granted.  Plaintiff is therefore not entitled to proceed i*n*
3  *forma pauperis* unless he alleges facts indicating that he is in imminent danger of serious physical
4  injury.  There are no such facts alleged in this case.

5      Plaintiff's claim in this action is for deliberate indifference to his serious medical
6  condition for failure to provide medicinal marijuana and physical therapy for his osteoarthritis.
7  Plaintiff's allegations do not establish that he was facing imminent danger of serious physical
8  injury at the time the Complaint was filed.  Plaintiff's allegations, even if true, do not demonstrate
9  that Plaintiff was, at any time, facing imminent danger of serious physical injury. *Andrews*, 493
10 F.3d at 1055-56.  While not receiving one's preferred medication and form of treatment for a
11 condition may be less than desirable, it certainly does not rise to the level of imminent danger, nor
12 does it even state a cognizable claim.  *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976).  Plaintiff's
13 allegations do not establish that he was facing imminent danger of serious physical injury at the
14 time the Complaint was filed.

15     Thus, the Court recommends that Plaintiff's application to proceed *in forma pauperis* be
16 denied and that Plaintiff be ordered to pay the filing fee for this action in full.

17     Accordingly, it is HEREBY RECOMMENDED that:
18     1.    Plaintiff's application to proceed in forma pauperis be denied pursuant to 28
19           U.S.C. § 1915(g); and
20     2.    Plaintiff be ordered to pay the $400.00 filing fee in full.

21     These Findings and Recommendations will be submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within 30
23 days after being served with these Findings and Recommendations, Plaintiff may file written
24 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
25 Findings and Recommendations."
26 ///
27 ///
28 ///

1    Plaintiff is advised that failure to file objections within the specified time may waive the
2    right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 19, 2014**                                /s/ **Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE