1
2
3
4

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7

8   KEITH PREZELL THOMAS,

9            Plaintiff,

10        v.

11   NGUYEN, et al.

12            Defendants.

13

1:14-cv-01586-LJO-JLT (PC)

**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS*

**(Docs. 4, 5)**

14
15
16

Plaintiff, Keith Prezell Thomas, is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

17
18
19
20
21
22
23

On November 19, 2014, the Magistrate Judge issued a Finding and Recommendation ("the F&R") to deny Plaintiff's motion to proceed in forma pauperis in this action, finding that he was barred under 28 U.S.C. §1915(g) since Plaintiff had three strikes prior to the filing of this action and that Plaintiff failed to show that he was in imminent danger of serious physical injury at the time he filed suit.  (Doc. 5.)  This was served on Plaintiff and contained notice that objections to the F&R were due within thirty days.  (*Id.*)  Plaintiff filed objections on December 29, 2014. (Doc. 7.)

24
25
26
27

As was accurately stated in the F&R, prisoners may not bring a civil action under 28 U.S.C. §1915(g) if he or she has, on three or more prior occasions, while incarcerated or detained, brought an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

28

1

physical injury.  Such dismissals are colloquially referred to as "strikes."  As also accurately noted in the F&R, Plaintiff had three strikes[1] under section 1915(g) prior to filing this action. Thus, Plaintiff may only proceed under section 1915(g) if he meets the imminent danger of serious physical injury exception.

In his objections, Plaintiff argued that he is in imminent danger because he "has mild arthritic [sic] in both femur joint [sic];" that the femoral nerve attaches to the spinal cord; that because of this, arthritic swelling and inflammation in the joint "effect his femoral nerve and send pain through the spinal cord to the brain;" which cause him stress and that stress can lead to death; and that the medication he is receiving does not "alleviate the pain that cause stress to the brain."  (*Id.*)  Plaintiff states that the Tylenol that he is receiving "does not alleviate the pain," therefore he keeps "having stress to the brain," which causes headaches and stress.  Because of this, Plaintiff seeks medicinal marijuana and physical therapy.  (*Id.*)

As correctly found in the F&R, Plaintiff's Complaint does not satisfy the imminent danger exception.  As also stated in the F&R, Plaintiff's claims for failure to provide medicinal marijuana and physical therapy for his osteoarthritis do not establish that he was facing imminent danger of serious physical injury at the time the Complaint was filed, and even if true, do not demonstrate that Plaintiff was, at any time, facing imminent danger of serious physical injury. *Andrews*, 493 F.3d at 1055-56. While not receiving one's preferred medication and form of treatment for a condition may be less than desirable, it certainly does not rise to the level of imminent danger, nor does it even state a cognizable claim. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the F&R to be supported by the record and by proper analysis.  Plaintiff does not satisfy the imminent danger exception to section 1915(g).  *See Andrews*, 493 F.3d at 1055-56.  Therefore, Plaintiff must pay the $400.00 filing fee if he wishes to litigate the claims he raises in this action.

/ / /

---

[1] *See Thomas v. Stockman*, CV F 99 655 REC DLB P; *Thomas v. Galaza*, CV F 00 5346 AWI DLB P; *and Thomas v. Galaza*, CV F 00 5348 OWW LJO P.

Accordingly, IT IS HEREBY ORDERED that:

1.   The Finding and Recommendation, filed November 19, 2014 (Doc. 5), is adopted in full;

2.   Within thirty (30) days from the date of service of this order, Plaintiff is required to pay the $400.00 filing fee for this action in full; and

3.   Plaintiff's failure to comply with this order shall result in the dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated:   __December 31, 2014__                ____/s/ Lawrence J. O'Neill__
                                        UNITED STATES DISTRICT JUDGE

3