1
2
3
4

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

7

8    KEITH PREZELL THOMAS,                          1:14-cv-01586-LJO-JLT (PC)

9              Plaintiff,                           **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

10        v.
                                                    **(Docs. 9, 12, 13)**
11   NGUYEN,et al.

12             Defendants.

13

14        Plaintiff, Keith Prezell Thomas, is a state prisoner proceeding *pro se* in a civil rights

15   action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge

16   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

17        On November 19, 2014, the Magistrate Judge issued a Finding and Recommendation ("the

18   F&R") to deny Plaintiff's motion to proceed in forma pauperis in this action, finding that he was

19   barred under 28 U.S.C. §1915(g) since Plaintiff had three strikes prior to the filing of this action

20   and that Plaintiff failed to show that he was in imminent danger of serious physical injury at the

21   time he filed suit.  (Doc. 5.)  This was served on Plaintiff and contained notice that objections to

22   the F&R were due within thirty days.  (*Id.*)  Plaintiff filed objections on December 29, 2014.

23   (Doc. 7.)  An order adopting the F&R and ordering Plaintiff to pay the filing fee within thirty

24   days issued on January 5, 2015.  (Doc. 9.)  Subsequently, Plaintiff filed a motion seeking an

25   extension of time to file objections to the F&R which was denied as the F&R was no longer

26   pending for Plaintiff to file objections.  (Docs. 10, 12.)

27        On January 26, 2015, Plaintiff filed a document titled "Declaration in support of a

28   reconsideration to the Plaintiff's objection to the Magistrate's Judge finding and recommendation:

memorandum points and authority is attached." (Doc. 13.)  In this document, Plaintiff seeks to be allowed to amend the complaint per Federal Rule of Civil Procedure 15(a), to supplement the complaint per Federal Rule of Civil Procedure 15(c), to pay a partial filing fee per 28 U.S.C. § 1915(b)(1), and that the CDCR be ordered to pay his initial partial fee per 28 U.S.C. § 1915(b)(2). (*Id.*)  This document is construed a request for reconsideration of the order denying Plaintiff's request to proceed *in forma pauperis* in this action.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff has not shown any new or different facts or circumstances, newly discovered evidence, commission of clear error, or an intervening change of law to support his motion. Plaintiff's apparent disagreement with the Court's ruling, which is all that is shown in the instant motion, is not grounds for reconsideration.

As was accurately stated in the F&R, prisoners may not bring a civil action under 28 U.S.C. §1915(g) if he or she has, on three or more prior occasions, while incarcerated or detained,

brought an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.  Such dismissals are colloquially referred to as "strikes."  As also accurately noted in the F&R, Plaintiff had three strikes[1] under section 1915(g) prior to filing this action.  Thus, Plaintiff may only proceed under section 1915(g) if he meets the imminent danger of serious physical injury exception.

Despite apparently seeking leave to amend or supplement the Complaint, Plaintiff provides no facts to show that he meets the imminent danger of serious physical injury exception.  As noted in prior orders, nothing about Plaintiff's medical condition, for which he seeks medicinal marijuana and physical therapy, amounts to an imminent danger.  Plaintiff's disagreement with the Court's order to deny his application to proceed *in forma pauperis* is not sufficient to support his motion for reconsideration.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's motion for reconsideration, filed on January 26, 2015 is DENIED

2.      Plaintiff is required to pay the $400.00 filing fee for this action in full on or before February 24, 2015[2]; and

3.      Plaintiff's failure to comply with this order shall result in the dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated:   __February 5, 2015__                    ___/s/ Lawrence J. O'Neill__
                                                UNITED STATES DISTRICT JUDGE

---

[1] *See Thomas v. Stockman,* CV F 99 655 REC DLB P; *Thomas v. Galaza,* CV F 00 5346 AWI DLB P; *and Thomas v. Galaza,* CV F 00 5348 OWW LJO P.
[2] This is the date that his payment is currently due on an extension previously granted.  (*See* Doc. 12.)